```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**JOE L. HUNTER,**

                    **Plaintiff,**

                                               CIVIL ACTION
        vs.                                         No. 07-3222-SAC

**ST. FRANCIS HOSPITAL, et al.,**

                    **Defendants.**

### ORDER

    This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without

---

[1] *See* <u>Hunter v. Wichita Police Department, et al.</u>, Case No. 05-3344-JTM (remainder of $250.00 district court filing fee) and ($455.00 appellate filing fee assessed March 22, 2007, in interlocutory Appeal No. 06-3408); <u>Hunter v. James, et al.</u>, Case No. 07-3193-SAC ($350.00 district court filing fee).

payment of an initial partial filing fee.  Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

Plaintiff states a "John Doe" surgeon operated on him at St. Francis Hospital in April 2004 after plaintiff was shot by an officer, and further states emergency surgery was required in May 2006 to repair a problem resulting from the 2004 surgery.  Alleging negligence and the violation of his rights under the Eighth Amendment, plaintiff seeks damages from St. Francis Hospital and the yet unnamed surgeon.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's allegations satisfy neither of these requirements.

Nothing in plaintiff's allegations suggests that either of the two defendants named in the complaint were persons acting under color of state law during plaintiff's surgery in 2004.  Moreover, a pretrial detainee's claim of inadequate medical treatment is evaluated under the Eighth Amendment standard of whether a defendant acted with "deliberate indifference to serious medical needs." Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th

Cir. 1994), and it is well recognized that allegations of negligence against a physician or medical facility state no cognizable constitutional claim, *see* Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id.

To the extent plaintiff asserts jurisdiction other than 42 U.S.C. § 1983 for his claims, the court finds no factual or legal basis exists to proceed under: 42 U.S.C. §§ 1981, 1985(c), 1986, and 1988; 28 U.S.C. §§ 1332 and 1343(a); 18 U.S.C. §§ 241 and 242; or 28 U.S.C. §§ 2201 and 2202. Plaintiff also cites the Kansas Bill of Rights as a basis for his claims, however the court exercises no supplemental jurisdiction over any claim plaintiff may be asserting under state law. *See* 28 U.S.C. § 1367(c)(3)(authorizing district court to decline supplemental jurisdiction if all claims over which it has original jurisdiction are dismissed).

Accordingly, because it is apparent that allowing plaintiff an opportunity to amend the complaint would be futile to correct these identified deficiencies, the court concludes the complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). *See also* <u>Perkins v. Kan. Dep't of Corr.</u>, 165 F.3d 803, 806 (10th Cir. 1999)("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 25th day of October 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge